UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM FARAH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEH JOHNSON, Secretary of Department of Homeland Security, *et al.*,<br><br>　　　　Respondent. | No. CV 16-5701-CAS (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)** |

　　On August 1, 2016, Petitioner filed a Petition for Writ of Habeas Corpus. Petitioner argued that his continued detention by Immigration and Customs Enforcement violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner sought release under reasonable conditions of supervision.

　　On November 9, 2016, Respondent filed a response and notified the court that Petitioner was released from immigration custody on an order of supervision. (*See* Release Notification, Dkt. No. 12-1.) Respondent argued that the Petition should be dismissed as moot because there is no further relief that this Court can provide. Petitioner concurs in Respondent's suggestion of mootness. (Dkt. No. 13.)

　　The Court agrees that the Petition is moot. A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court

issuing a writ of habeas corpus." *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005). "Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." *Abdala v. Immigration and Naturalization Service*, 488 F.3d 1061, 1063 (9th Cir. 2007). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064. "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

Given that Petitioner has been released from custody under an order of supervision, the Petition is moot because there is no further relief the Court can provide. *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."); *see also McNutt v. Chelan County*, 2008 WL 4148604, *1 n.1 (E.D. Wash. 2008) ("Habeas petition[s] brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.").

IT IS HEREBY ORDERED that the Petition is DENIED as moot. All pending motions are DENIED as moot.

DATED: November 16, 2016

CHRISTINA A. SNYDER
United States District Judge

2